UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

MICHELLE MALOY,

     Plaintiff,

        v.                         CIV. NO. 10-1890 (PG)

KENNETH MCCLINTOCK, ET ALS.,

     Defendants.

---

## OPINION AND ORDER

    Pending before the Court is defendants Puerto Rico Real Estate Examining Board, Kenneth McClintock, Victor Figueroa López, Katherine Figueroa Santiago, and María Díaz Ogando's motion to dismiss (Docket No. 12) and plaintiff Michelle Maloy's opposition thereto (Docket No. 15). Defendants Gilberto Casillas Esquilín, Pablo J. Claudio Pagán, Ernesto J. Miranda Matos, Ricardo I. Perez Feliciano, Eduardo Ballori Lage, and Luis Ernesto Flores Rodríguez have joined the motion to dismiss through a motion for joinder filed on May 2, 2011 (Docket No. 29). Plaintiff filed a motion to dismiss complaint without prejudice against co-defendant Kenneth McClintock and for that reason the action against him will not be discussed herein. For the reasons set forth below, the Court **GRANTS** the Defendants' request.

### I. BACKGROUND

    On September 16, 2010, plaintiff Michelle Maloy ("Maloy" or "Plaintiff") filed the above-captioned claim against Kenneth McClintock, Secretary of State of Puerto Rico; Eduardo Ballori Lage ("Ballori-Lage"), Assistant Secretary of State Department Examining Board; Puerto Rico's Real Estate Examining Board ("the Board"); Luis Ernesto Flores Rodríguez("Flores-Rodríguez"); Victor Figueroa López ("Figueroa-Lopez"); Pablo J. Claudio Pagán ("Claudio-Pagán"); Gilberto Casillas Esquilín ("Casillas-Esquilín"); Ernesto J. Miranda Matos ("Miranda-Matos"); Katherine Figueroa Santiago ("Figueroa-Santiago"); María Díaz Ogando ("Díaz-Ogando"); and Ricardo I. Perez Feliciano ("Perez-Feliciano")(hereinafter collectively referred to as

"Defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983"). See *Complaint*,
Docket No. 1. The present action was filed against defendants McClintock,
Ballori-Lage, Flores-Rodríguez, Figueroa-López, Claudio-Pagán, Casillas-
Esquilín, Miranda-Matos, Díaz-Ogando, and Perez-Feliciano in their official
and personal capacity, and against defendant Katherine Figueroa Santiago in
her official capacity.

According to Plaintiff, her constitutional rights under the
Constitution of the United States and laws of the United States pursuant to
42 U.S.C. § 1983 have been violated. Plaintiff also included supplemental
state law claims pursuant to Puerto Rico Law No. 100 of June 30, 1959 ("P.R.
Law No. 100"), P.R. LAWS ANN. tit. 29, § 146 *et seq.*, and Puerto Rico Law No.
115 of December 20, 1991 ("P.R. Law No. 115"), P.R. LAWS ANN. tit. 29, § 194,
*et seq.*

In the complaint, Plaintiff alleges that she is an active real estate
broker and marketing professional engaging in real estate transactions in
Puerto Rico. In 2008, pursuing the opportunity to become an educator in the
real estate industry, Plaintiff took the real estate broker's exam in both
English and Spanish to better acquaint herself with the test procedure and
administration. In October 2008, Plaintiff met with the Real Estate
Examining Board to point out and remedy the deficiencies she found in the
examinations. In addition, Plaintiff introduced to the Board a Bilingual
Real Estate Course to be offered online via the established and licensed
Alberto Hernandez Real Estate Academy. Plaintiff alleges that to date she
has not received a response as to the online course request presented to the
Real Estate Examining Board.

Plaintiff further alleges that on August 4, 2009 during public and
executive hearings with various members of the Puerto Rico House of
Representatives Housing and Urban Development Committee, she denounced
irregularities in the real estate licensing industry and the Real Estate
Examining Board. In addition, Plaintiff alleges that she has denounced such
irregularities to the Puerto Rico Senate, the Federal Bureau of
Investigations, and the Puerto Rico Department of Justice.

Plaintiff further alleges that on February 26, 2010 she went to the
Real Estate Examining Board to request information about the 2010 exam dates
and received information of a "Public Notice" for a public hearing in

reference to anyone interested in a real estate school license. The deadline to submit an application for such license was February 26, 2010. Plaintiff was informed that the application needed additional materials and proceeded to acquire the necessary documentation for the application. Plaintiff submitted the application on March 23, 2010.

On March 25, 2010, Plaintiff appeared at the public hearing held at the Puerto Rico State Department to present her request for the real estate school license. Plaintiff addressed defendants Figueroa López and Claudio Pagán during the hearing. On May 13, 2010, Plaintiff received a letter from the Board denying her application for a real estate school license. Plaintiff alleges that presumably defendants denied her the license for her school in retaliation for her negative testimony before the Puerto Rico House of Representatives in August 2009.

Instead of answering the complaint, Defendants filed the present motion requesting that Plaintiff's claims against them be dismissed for failure to state a claim upon which relief can be granted. See Docket No. 12.

## II. STANDARD OF REVIEW

Motions to dismiss brought under FED.R.CIV.P. 12(b)(1) and 12(b)(6) are subject to the same standard of review. See Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir.1994). Firstly, when ruling on a motion to dismiss for failure to state a claim, a district court "must accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory." Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir.2009) (citing LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir.1998)). Additionally, courts "may augment the facts in the complaint by reference to (i) documents annexed to the complaint or fairly incorporated into it, and (ii) matters susceptible to judicial notice." Gagliardi v. Sullivan, 513 F.3d 301, 306 (1st Cir.2008) (internal citations and quotation marks omitted).

In determining whether dismissal of a complaint is appropriate pursuant to Rule 12(b)(1) or 12(b)(6), the court must keep in mind that "[t]he general rules of pleading require a short and plain statement of the

claim showing that the pleader is entitled to relief. … This short and plain statement need only give the defendant fair notice of what the … claim is and the grounds upon which it rests." Gargano v. Liberty Intern. Underwriters, Inc., 572 F.3d 45, 48 (1st Cir.2009) (internal citations and quotation marks omitted). Nevertheless, "even under the liberal pleading standard of Federal Rule of Civil Procedure 8, the Supreme Court has … held that to survive a motion to dismiss, a complaint must allege a plausible entitlement to relief." Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir.2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 556). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, … , on the assumption that all the allegations in the complaint are true (even if doubtful in fact)…." Twombly, 550 U.S. at 555 (internal citations and quotation marks omitted). "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

"In resolving a motion to dismiss, a court should employ a two-pronged approach. It should begin by identifying and disregarding statements in the complaint that merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 9 (1st Cir. April 1, 2011) (citing Twombly, 550 U.S. at 555) (internal quotation marks omitted). Although a complaint attacked by a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "does not need detailed factual allegations, … , a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do … ." Twombly, 550 U.S. at 555 (internal citations and quotation marks omitted). That is, the court "need not accept as true legal conclusions from the complaint or naked assertions devoid of further factual enhancement." Maldonado v. Fontanes, 568 F.3d 263, 266 (1st Cir.2009) (citing Iqbal, 129 S.Ct. at 1960). "Non-conclusory factual

allegations in the complaint must then be treated as true, even if seemingly incredible." <u>Ocasio-Hernandez</u>, 640 F.3d at 9 (<u>citing</u> <u>Iqbal</u>, 129 S.Ct. at 1951).

When evaluating the plausibility of a legal claim, a court may not "attempt to forecast a plaintiff's likelihood of success on the merits; a well-pleaded complaint may proceed even if … a recovery is very remote and unlikely." <u>Ocasio-Hernandez</u>, 640 F.3d at 9 (<u>citing</u> <u>Twombly</u>, 550 U.S. at 556). Thus, "[t]he relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." <u>Ocasio-Hernandez</u>, 640 F.3d at 9.

### III. DISCUSSION

**A. Eleventh Amendment Immunity**

The Defendants in the above-captioned claim are sued in their personal and official capacity, except for co-defendant Figueroa- Santiago, who is only sued in her official capacity. Defendants now request that the claims against them in their official capacity be dismissed. <u>See</u> Docket No. 12. Citing <u>Ex parte Young</u>, 209 U.S. 123 (1908), Plaintiff opposes the Defendants' request sustaining that her claims against them in their official capacity should not be dismissed because the Eleventh Amendment does not bar actions for non-monetary remedies, such as injunctions, against state officials in their official capacity. <u>See</u> Docket No. 15. This Court agrees with the Plaintiff.

The Eleventh Amendment proscribes that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. The Eleventh Amendment thus bars the commencement and prosecution in federal court of suits claiming damages brought against any state, including Puerto Rico, without its consent. <u>See</u> <u>Toledo v. Sanchez</u>, 454 F.3d 24, 31 (1st Cir.2006); <u>Fresenius Med. Care Cardiovascular Res., Inc. v. Puerto Rico and Caribbean Cardiovascular Ctr. Corp.</u>, 322 F.3d 56, 61 (1st Cir.2003); <u>Futura Dev. v. Estado Libre Asociado</u>, 144 F.3d 7, 12-13 (1st Cir.1998). "[F]or Eleventh Amendment purposes, the Commonwealth [of Puerto Rico] is treated as if it were a state; consequently, the Eleventh Amendment bars any suit brought against it." <u>Gotay-Sánchez v. Pereira</u>, 343 F.Supp.2d

65, 71-72 (D.P.R. 2004) (<u>citing</u> <u>Metcalf & Eddy, Inc. v. P.R. Aqueduct &</u> <u>Sewer Auth.</u>, 991 F.2d 935 (1st Cir.1993)). Also, "[a]n administrative arm of the state is treated as the state itself for the purposes of the Eleventh Amendment, and it thus shares the same immunity." <u>Vaqueria Tres Monjitas v.</u> <u>Irizarry</u>, 587 F.3d 464, 477 (1st Cir.2009) (<u>citing</u> <u>Hafer v. Melo</u>, 502 U.S. 21, 25 (1991)).

     Notwithstanding the foregoing, a state can waive its Eleventh Amendment immunity to suit in three ways: (1) by clear declaration that it intends to submit itself to the jurisdiction of the federal courts; (2) by consent to or participation in a federal program for which waiver of immunity is an express condition; or (3) by affirmative conduct in litigation. <u>New Hampshire v. Ramsey</u>, 366 F.3d 1, 15 (1st Cir.2004) (internal quotations omitted).

     It is well settled that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office," <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 71 (1989) (internal citations omitted), and "is no different from a suit against the State itself," <u>id.</u> Nevertheless, the Eleventh Amendment does not prevent suits against state officers for money damages to be paid out of their own pockets, such as when an officer is sued in his or her individual capacity. <u>See</u> <u>Kentucky v. Graham</u>, 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) (discussing distinction between suits against an officer in an individual as opposed to an official capacity); <u>see also</u> <u>Hafer</u> <u>v. Melo</u>, 502 U.S. 21, 25 (1991) (official capacity suits occur when a plaintiff sues the government entity by naming the officer as a defendant, whereas individual capacity suits "seek to impose individual liability upon a government officer for actions taken under color of state law."). In addition, the Eleventh Amendment does not preclude "official capacity" suits against state officers for injunctive or declaratory relief brought pursuant to federal law. <u>Ex parte Young</u>, 209 U.S. at 159-60. State officials sued for injunctive relief in their official capacity are "persons" subject to liability under Section 1983. <u>See</u> <u>Hafer</u>, 502 U.S. at 24 (<u>citing</u> <u>Will</u>, 491 U.S. at 71 n. 10.).

     As per the above, Plaintiff cannot maintain claims for monetary damages against the individual Defendants in their official capacity.

Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** the Defendants'
motion to dismiss and, hereby dismisses Plaintiff's claims for monetary
damages against the individual co-defendants in their official capacity.
Remaining before this Court are thus plaintiff Maloy's claims for damages
under Section 1983 against the individual co-defendants in their personal
capacity. At this point in the discussion, the claim for injunctive relief
against all co-defendants in their official capacity also remains.

**B. Timeliness of Plaintiff's Claim under 42 U.S.C. § 1983**

Defendants argue in their motion to dismiss that Plaintiff's Section
1983 claim against all Defendants is time-barred by the one-year statute
of limitations for a Section 1983 cause of action.

The Civil Rights Act does not provide a statute of limitations.
Therefore, the courts must borrow the state's limitation period governing
personal injury actions. See Wilson v. García, 471 U.S. 261, 266 (1985);
Nieves v. McSweeney, 241 F.3d 46, 51 (1st Cir.2001). The First Circuit has
held that the time limitation period of one year provided in Article
1868(2) of the Puerto Rico Civil Code applies to Section 1983 actions.
See Centro Medico v. Feliciano de Melicio, 406 F.3d 108, 119 (1st
Cir.2005). Although the limitation period is determined by state law,
federal law determines the date of accrual. See Rivera-Muriente v.
Agosto-Alicea, 959 F.2d 349, 353 (1st Cir. 1992). The accrual period for
a Section 1983 action "ordinarily starts when the plaintiff knows, or has
reason to know, of the injury on which the action is based." Carreras-
Rosa v. Alves-Cruz, 127 F.3d 172, 174 (1st Cir.1997).

Defendants assert in their motion to dismiss that Plaintiff alleges
in her complaint that she has been denied two distinct requests. The
first in October 2008 when Plaintiff met with the Board and presented the
online real estate technical vocational course, to which Plaintiff
alleges she did not receive a response as to her request. Secondly, the
denial of Plaintiff's real estate school license in May, 2010. Defendants
allege that time of accrual for the Section 1983 claim begins to accrue
in October 2008 and therefore it is time-barred.

As Defendants state in their motion to dismiss, in October 2008 the
Board did not have any regulations in effect authorizing online real
estate courses. Thus, there was no official process to apply for such

privilege and Plaintiff could not have had "reason to know, of the injury on which the action was based." Carreras-Rosa, 127 F.3d at 174.

Nonetheless, in March 2010 when Plaintiff submitted a formal application to the Board for the license, there was a formal application process in place to request the license. Consequently, the first injury to Plaintiff was at the time the Board denied her license on May 2, 2010. Plaintiff had until May 2, 2011 to file her claim and the Complaint was filed on September 16, 2010. See Docket No. 1. Thus, the claim was timely filed and the Section 1983 claim against all Defendants is not time-barred.

Accordingly, the Court **DENIES** the Defendants' motion to dismiss as to the assertion that the Section 1983 claim was time-barred.

## C. Failure to state a claim under 42 U.S.C. § 1983

Before the Court are Plaintiff's claims for damages under Section 1983 against the individual co-defendants in their personal capacity, as well as for injunctive relief in their official capacity. Plaintiff seeks injunctive relief asking the Court to order Defendants to review her application to establish a bilingual real estate school. Plaintiff seeks redress for violations of the First and Fourteenth Amendments under Section 1983. See Docket No. 1. Defendants argue in their motion to dismiss that Plaintiff's Section 1983 claims against Defendants should be dismissed for failing to state a claim for which relief can be granted. See Docket No. 12.

Section 1983 creates "no independent substantive right, but rather, provides a cause of action by which individuals may seek money damages for governmental violations of rights protected by federal law." Cruz-Erazo v. Montanez, 212 F.3d 617, 621 (1st Cir.2000). Section 1983 "provides a remedy for deprivations of rights secured by the Constitution and laws of the United States when that deprivation takes place under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 924 (1982) (internal quotation marks omitted). Liability under Section 1983 requires that the conduct complained of (1) "was committed by a person acting under color of state law" and (2) "deprived a person of rights, privileges or immunities secured by the Constitution of the United

States." <u>See</u> <u>Parratt v. Taylor</u>, 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). "To satisfy the second element, plaintiffs must show that the defendants' conduct was the cause in fact of the alleged deprivation." <u>Rodriguez-Cirilo v. García</u>, 115 F.3d 50, 52 (1st Cir.1997). Also, there must be a direct causal connection between the defendants and the alleged constitutional violation. <u>See</u> <u>Gutierrez-Rodriguez v. Cartagena</u>, 882 F.2d 553 (1st Cir.1989).

In addition to the foregoing, a plaintiff must also show that each individual defendant was involved personally in the deprivation of constitutional rights because no respondeat superior liability exists under Section 1983. <u>See</u> <u>Colon-Andino v. Toledo-Davila</u>, 634 F.Supp.2d 220, 232 (D.P.R.2009) (<u>citing</u> <u>Pinto v. Nettleship</u>, 737 F.2d 130, 132 (1st Cir.1984)).

**1. First Amendment**

Plaintiff's First Amendment claim rests on the presumption that the Board denied her the real estate school license to retaliate against her for exercising the right to free speech in front of the Puerto Rico House of Representatives. <u>See</u> Docket No. 1.

To establish a First Amendment retaliation claim an applicant must present evidence showing "(1) an adverse result from a government body, (2) following protected expression detrimental or opposed to that body or its decision-makers, (3) despite the applicant's qualification for an approval or other favorable results, and (4) evidence indicating retaliatory intent held by the government body or its decision-makers." <u>Del Carmen Rodriguez v. Trujillo</u>, 507 F. Supp. 2d 131, 137 (D.P.R.2007); <u>Nestor Colon Medina & Sucesores, Inc. v. Custodio</u>, 964 F.2d 32, 42 (1st Cir.1992).

Plaintiff did exercise her right to free speech in front of the House of Representatives in opposition to the Board and the alleged illegalities within the Board. However, the Court finds that Plaintiff's allegations in her complaint do not show a causal connection between Plaintiff's exercise of free speech in front of the House of Representatives and the denial of the license by the Board. Plaintiff's application for the license was filed after the established date in the "Public Notice" pursuant to Section 15 of Public Law 10, enacted on April

26, 1994. <u>See</u> Docket No. 12. Furthermore, as Defendants point out in their motion to dismiss, the letter of denial specifically points to the late filing of the application by Plaintiff as the reason for the denial. <u>See</u> Docket No. 12.

The only allegation Plaintiff makes in her complaint as to a violation of her constitutional right is that: "Presumably, defendants denied Miss Maloy a license for her school in retaliation for her negative testimony before the Puerto Rico House of Representatives in August 2009." (Docket #1, ¶52). Under the standard set forth in <u>Iqbal</u>, the court will not entertain claims supported only by conclusory allegations. <u>See Iqbal</u>, 129 S.Ct. at 1949. Plaintiff's claims in her complaint are simply conclusory and do not show a causal connection between the exercise of her free speech and the denial of her real estate school license. Therefore, the Court finds that Plaintiff's First Amendment claim under Section 1983 does not withstand Defendant's motion to dismiss.

As a result of the foregoing, the Court **GRANTS** Defendants' motion to dismiss Plaintiff's First Amendment claim.

**2. Fourteenth Amendment (Due Process)**

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV, § 1. The Due Process Clause of the Fourteenth Amendment embodies a substantive component that provides protection against "government actions regardless of the fairness of the procedures used to implement them." <u>Daniels v. Williams</u>, 474 U.S. 327, 331 (1986).

"There are two theories under which a plaintiff may bring a substantive due process claim." <u>Cruz-Erazo v. Rivera-Montañez</u>, 212 F.3d 617, 622 (1st Cir.2000). Under the first, the plaintiff "must demonstrate a deprivation of an identified liberty or property interest protected by the Fourteenth Amendment." <u>Id</u>. Under the second, a plaintiff is not required to show deprivation of a specific liberty or property interest, but, rather, he must prove that "the state's conduct itself was so brutal, demeaning, and harmful that it is shocking to the conscience." <u>Maymi v. Puerto Rico Ports Authority</u>, 515 F.3d 20, 30 (1st Cir.2008).

To have a constitutionally protected property interest in a benefit, "a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." Board of Regents of State Colleges v. Roth, 408 U.S. 564, 576 (1972). "The substantive due process doctrine may not, in the ordinary course, be invoked to challenge discretionary permitting or licensing determinations of state or local decisionmakers, whether those decisions are right or wrong." Pagán v. Calderón, 448 F.3d 16, 33 (1st Cir.2006).

Plaintiff has not specified any particular constitutionally protected interest of which she has been deprived of by the Defendants' actions. The license is neither a "fundamental right" recognized by the U.S. Constitution nor the denial of the license a violation of a privacy right.

Furthermore, the Defendants' conduct does not amount to conduct that shocks the conscience. The standard set by the First Circuit is that "in order to shock the conscience, conduct must at the very least be 'extreme and egregious'" and mere violations of state law, even in bad-faith, "do not invariably amount to conscience shocking behavior." Pagán, 448 F.3d at 32.

The Court finds that Plaintiff offered little but her bare allegations of retaliatory motive but no allegation as to her constitutionally protected right. Furthermore, Plaintiff fails to establish how Defendants' conduct amount to a violation of Plaintiff's substantive due process right.

Accordingly, this Court **GRANTS** Defendant's motion to dismiss Plaintiff's due process claim.

### 3. Fourteenth Amendment (Equal Protection)

The Equal Protection Clause of the Fourteenth Amendment "is essentially a directive that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985). In benefit-denial equal protection cases, a plaintiff can succeed only if he shows that (1) there was differential treatment than others applicants similarly situated and (2) "the differential treatment resulted from a gross abuse of power, invidious discrimination,

or some other fundamental procedural unfairness." <u>Pagan</u>, 448 F.3d at 35. "Even an arbitrary, bad-faith denial of a benefit in derogation of state law, without more, will not cross the constitutional threshold needed for an equal protection claim." <u>Baker v. Coxe</u>, 230 F.3d 470, 474 (1st Cir.2000).

Plaintiff alleges that she has been treated differently than similarly situated applicants and discriminated because of her ethnicity. Plaintiff's argument relies on <u>DiMarco Zappa v. Cruz</u>, 30 F.Supp.2d 123 (D.P.R. 1998); <u>DiMarco-Zappa v. Cabanillas</u>, 238 F.3d 25 (1st Cir. 2001), <u>Guy Sánchez v. Bonilla</u>, 2010 WL 4322994 (D.P.R. 2010) and <u>Canman v. Bonilla</u>, --- F.3d ---, 2011 WL 1260043 (D.P.R. March 29, 2011). <u>See</u> Docket No. 1.

This Court finds that Plaintiff's invocation of <u>DiMarco-Zappa</u> as analogous to the violations suffered by her own lawsuit is unsupported. In <u>DiMarco-Zappa</u>, the First Circuit held that the real estate's broker exam intentionally discriminated against the applicants in violation of the equal protection clause by making the English language test more difficult than the Spanish language test. Furthermore, that the exam was falsely graded to give preference to Puerto Ricans applying for broker's licenses. In <u>Sánchez</u> and <u>Canman</u>, English speaking individuals alleged that the English language version of the real estate broker's exam was unintelligible, thus violating their constitutional right.

In the present case, these are not the circumstances. Plaintiff does not claim in her complaint that her constitutional rights were violated by the administration of an unintelligible exam or by unfair grading practices. Plaintiff's suit solely rests on the presumption that the real estate school license application was denied in retaliation of her negative testimony before the Puerto Rico House of Representatives. <u>See</u> Docket No. 1, ¶ 52. This Court finds that Plaintiff fails to establish factual allegations as to differential treatment resulting from abuse of power and discrimination by the individual Defendants. In addition, Plaintiff fails to state in her complaint the discrimination in terms of ethnicity as it was the case with the plaintiff in <u>DiMarco-Zappa</u>. Therefore, for the same reasons that the Defendants' conduct is not

otherwise so egregious as to state a substantive due process violation, it does not constitute an equal protection claim.

As a result of the foregoing, the Court **GRANTS** Defendants' motion to dismiss Plaintiff's equal protection claim.

Conclusory allegations that cannot withstand close scrutiny are insufficient to support an inference that the denial of Plaintiff's license was based on prejudice and that it denied Plaintiff equal treatment as other individuals. In addition, Plaintiff fails to show in her complaint a causal connection between the Defendants and the alleged violation of Plaintiff's rights by the denial of the real estate school license. Plaintiff's application for the license was filed after the deadline and the Board's decision rested on this fact. See Docket No. 12, at 14. Plaintiff simply did not set forth factual allegations that raise a right to relief above the speculative level, even indulging her with the assumption that all the allegations in the complaint are true. See Twombly, 550 U.S. at 555.

After careful review of the complaint, the Court finds that even under the liberal pleading standard, Plaintiff's claims against Defendants are simply conclusory and, without more, fail to survive a motion to dismiss. Therefore, Plaintiff's complaint fails to state a claim for which relief can be granted and as a result, Defendants' request for dismissal of the Section 1983 claim is hereby **GRANTED** and the claims against them are hereby **DISMISSED WITH PREJUDICE.**

**C. Supplemental Claims**

Defendants request that the Court dismiss Plaintiff's supplemental claims because she has failed to allege any cause of action under federal law.

This Court should decline to exercise supplemental jurisdiction over a plaintiff's state law claims when all federal claims are dismissed. See Camelio v. American Federation, 137 F.3d 666, 672 (1st Cir. 1998) (holding that "the balance of competing factors ordinarily will weigh strongly in favor of declining jurisdiction over state law claims where the foundational federal claims have been dismissed at an early stage in the litigation."). Because Plaintiff's federal claims under Section 1983 will

be dismissed, the Court hereby **DISMISSES WITHOUT PREJUDICE** any claims under Puerto Rico state law.

### IV. CONCLUSION

For the reasons stated above, Defendants' request for dismissal (Dockets No. 12, 29) is hereby **GRANTED.** Plaintiff's suit is hereby **DISMISSED WITH PREJUDICE.** Plaintiff's supplemental claims under Puerto Rico Law are **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, July 18, 2011.

<u>S/ JUAN M. PEREZ-GIMENEZ</u>
JUAN M. PEREZ-GIMENEZ
U.S. DISTRICT JUDGE