**THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| Michelle Maloy. <br><br> *Plaintiff*, <br><br> v. <br><br> Kenneth McClintock, et al. <br><br> *Defendants*. | CIV. NO. 10-1890 (PG) |

**OPINION AND ORDER**

Before this Court is Plaintiff's Motion for Reconsideration of Cause of Action for Retaliation for Exercise of First Amendment Rights (Docket No. 51). Therein, the Plaintiff requests that this Court reconsider its Opinion and Order of July 18, 2011 dismissing all claims in the case at hand. See Dockets No. 49 and 50. Also before the Court is Defendant's response thereto. See Docket No. 56. For the reasons stated below, the Plaintiff's motion is **DENIED**.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On September 16, 2010, plaintiff Michelle Maloy (hereinafter "Plaintiff") filed the above-captioned claim against Kenneth McClintock, Secretary of State of Puerto Rico; Eduardo Ballori Lage ("Ballori-Lage"), Assistant Secretary of State Department Examining Board; Puerto Rico's Real Estate Examining Board ("the Board"); Luis Ernesto Flores Rodríguez("Flores-Rodríguez"); Victor Figueroa López ("Figueroa-Lopez"); Pablo J. Claudio Pagán ("Claudio-Pagán"); Gilberto Casillas Esquilín ("Casillas-Esquilín"); Ernesto J. Miranda Matos ("Miranda-Matos"); Katherine Figueroa Santiago ("Figueroa-Santiago"); María Díaz Ogando ("Díaz-Ogando"); and Ricardo I. Perez Feliciano ("Perez-Feliciano")(hereinafter collectively referred to as "Defendants"). The complaint was filed pursuant to 42 U.S.C. § 1983 ("Section 1983"). See Docket No. 1. The present action was filed against Defendants McClintock,

Ballori-Lage, Flores-Rodríguez, Figueroa-López, Claudio-Pagán, Casillas-Esquilín, Miranda-Matos, Díaz-Ogando, and Perez-Feliciano in their official and personal capacity and against defendant Katherine Figueroa Santiago in her official capacity only.

According to Plaintiff, her constitutional rights under the Constitution of the United States and laws of the United States were violated. Plaintiff also included supplemental state law claims pursuant to Puerto Rico Law No. 100 of June 30, 1959 ("P.R. Law No. 100"), P.R. LAWS ANN. tit. 29, § 146 *et seq.*, and Puerto Rico Law No. 115 of December 20, 1991 ("P.R. Law No. 115"), P.R. LAWS ANN. tit. 29, § 194, *et seq*.

In the complaint, Plaintiff asserted that she is a real estate broker and marketing professional engaging in real estate transactions in Puerto Rico. In 2008, pursuing the opportunity to become an educator in the real estate industry, Plaintiff took the real estate broker's exam in both English and Spanish to better acquaint herself with the test procedure and administration. In October of 2008, Plaintiff met with the Real Estate Examining Board to point out and remedy the deficiencies she found in the examinations. In addition, Plaintiff introduced to the Board a Bilingual Real Estate Course to be offered online via the established and licensed Alberto Hernandez Real Estate Academy. Plaintiff alleged that, at the time of the complaint, she had not received a response as to the online course request presented to the Board.

Plaintiff further alleged that on August 4, 2009, during public and executive hearings with various members of the Puerto Rico House of Representatives Housing and Urban Development Committee, she denounced irregularities in the real estate licensing industry and the Real Estate Examining Board. In addition, Plaintiff alleged that she had denounced such irregularities to the Puerto Rico Senate, the Federal Bureau of Investigations, and the Puerto Rico Department of Justice.

Furthermore, Plaintiff asserted in her complaint that on February 26, 2010, she went to the Board to request information about the 2010 exam dates and received information of a "Public Notice" for a public hearing in reference to anyone interested in a real estate school license. The deadline to submit an application for such license was February 26, 2010. Plaintiff was informed that the application needed additional materials, and thus, she proceeded to acquire the necessary documentation for the

application. Plaintiff submitted the application on March 23, 2010.

On March 25, 2010, Plaintiff appeared at the public hearing held at the Puerto Rico State Department to present her request for the real estate school license. Plaintiff addressed defendants Figueroa López and Claudio Pagán during the hearing. On May 13, 2010, Plaintiff received a letter from the Board denying her application for a real estate school license. Plaintiff alleged that "presumably" Defendants denied her the license for her school in retaliation for her negative testimony before the Puerto Rico House of Representatives in August of 2009. See Docket No. 1 at ¶ 52.

On February 14, 2011, Defendants filed a motion requesting that Plaintiff's claims against them be dismissed for failure to state a claim upon which relief can be granted. See Docket No. 12. On July 18, 2011, this Court issued an Opinion and Order and a subsequent Judgment dismissing all claims in the case at hand. See Dockets No. 49 and 50. Plaintiff has filed now a Motion for Reconsideration of Cause of Action for Retaliation for Exercise of First Amendment Rights (Docket No. 51). In response, Defendants' have filed an opposition. See Docket No. 56.

## II. STANDARD OF REVIEW

Rule 59(e) of the Federal Rules of Civil Procedure preserves the district court's right to alter or amend a judgment after it is issued. FED.R.CIV.P. 59(e). Motions to alter or amend an order or a judgment are appropriate where they involve reconsideration of matters properly encompassed in the decision on the merits. See White v. New Hampshire Department of Employment, 455 U.S. 445, 451 (1982). The case law acknowledges the following four grounds that justify altering or amending an order or a judgment: (1) to incorporate an intervening change in law; (2) to reflect new evidence not available at the time of trial; (3) to correct a clear legal error; and (4) to prevent a manifest injustice. See Landrau-Romero v. Banco Popular de Puerto Rico, 212 F. 3d 607 (1st Cir.2000); Zimmerman v. City of Oakland, 255 F. 3d 734 (9th Cir. 2001); and Servants of Paraclete v. Does, 204 F. 3d 1005 (10th Cir. 2000). Thus, for example, a Rule 59(e) motion is "appropriate where the court has misapprehended the facts, a party's position, or the controlling law." Id. at 1012; See also Continental Casualty Co. v. Howard, 775 F. 2d 876 (7th Cir. 1985), cert. denied, 475 U.S. 1122 (1986).

### III. DISCUSSION

Upon careful review, this Court finds that the Plaintiff's Motion for Reconsideration does not discuss any of the grounds set forth by Rule 59(e) of the Federal Rules of Civil Procedure or the applicable case law which would move this Court to alter its final ruling. Basically, Plaintiff does not bring to our attention any intervening change in law; does not introduce new evidence unavailable at the time the motion to dismiss was filed; and does not point out a clear legal error in our prior order subject to correction. Finally, Plaintiff fails to argue that a manifest injustice resulted from this Court's final ruling. In her motion, the Plaintiff simply rehashes arguments that were already considered, discussed and denied by this Court in the Opinion and Order issued on July 18, 2011. See Docket No. 49. As a result, Plaintiff's request for Reconsideration is hereby **DENIED**.

In addition, this Court notes that the Defendants, in their opposition, request an amended judgment be entered pursuant to the Court's Opinion and Order dismissing the federal claims with prejudice and the supplemental claims under Puerto Rico Law without prejudice. The Court agrees and **GRANTS** this request. An amended judgment shall be thus entered.

### IV. CONCLUSION

Pursuant to the foregoing, the Court **DENIES** Plaintiff's Motion for Reconsideration of Cause of Action for Retaliation for Exercise of First Amendment Rights (Docket No. 51), and **GRANTS** Defendants' request for an amended judgment.

**SO ORDERED.**

In San Juan, Puerto Rico, JUNE 18, 2012.

S/ JUAN M. PÉREZ-GIMÉNEZ
JUAN M. PÉREZ-GIMÉNEZ
UNITED STATES DISTRICT JUDGE